UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT SIMPSON AND RANDY BROOKS, | ) ) ) |
| Petitioners, | ) ) ) |
| v. | ) ) |
| | ) Case No. 4:23-cv-445 |
| LINDA THOMAS in her capacity as Senior Warden of Bridgeport Correctional Center, | ) ) ) ) ) |
| Respondent. | ) ) |

**PETITIONERS' MEMORANDUM IN SUPPORT OF THEIR APPLICATION FOR ISSUANCE OF A WRIT OF HABEAS CORPUS AD TESTIFICANDUM**

COME NOW Petitioners Robert Simpson and Randy Brooks, by and through undersigned counsel, pursuant to 28 U.S.C. § 2241, et seq., and for their Memorandum in Support of their Application for Issuance of a Writ of Habeas Corpus Ad Testificandum, state as follows:

**I.   Introduction**

Troy Stills initiated Case No. 4:20-CV-01099-PLC after he was arrested on December 29, 2019 by Defendants Robert Simpson and Randy Brooks, who were Salem, Missouri police officers at the time. Mr. Stills filed suit against these Defendants in their individual capacities under 42 U.S.C. § 1983, alleging that his constitutional rights were violated and that Defendants are liable to him for excessive force and/or failure to intervene. At the time written discovery was propounded upon Mr. Stills he was proceeding *pro se*, and his answers and responses are generally deficient and/or wholly nonresponsive. Accordingly, in order to understand the nature and extent of Mr. Stills' claims and damages in order to prepare a defense thereto, Defendants require his deposition testimony. This writ seeks to compel Mr. Stills's remote deposition

testimony from within the prison in which he is confined because the prison refuses to permit his deposition absent a court order.

## II.     Jurisdictional Statement

United States District Courts have the authority to issue writs under 28 U.S.C. § 2241(a). When a person is in custody under the judgment and sentence of a state court within a state that contains two or more federal judicial districts, an application may be filed in the district court for the district wherein such person is in custody.  28 U.S.C. § 2241(d).

Here, Troy Alan Stills is currently incarcerated in the Bridgeport Correctional Center in Bridgeport, Wise County, Texas, which is within the Fort Worth Division of the Northern District of Texas.  Therefore, jurisdiction is proper in this Court under § 2241(d).

## III.    Arguments and Authorities

A district court has the discretionary authority to issue a writ of habeas corpus ad testificandum to secure the presence of a federal or state prisoner as a party or witness in federal court proceedings.  28 U.S.C. § 2241(c)(5).  The decision to grant a writ of habeas corpus ad testificandum should be based on the need for the prisoner's testimony vis-à-vis the difficulties attendant to securing it, and not based on conjecture as to the ultimate outcome of the action. *ITEL Cap. Corp. v. Dennis Min. Supply & Equip., Inc.*, 651 F.2d 405, 407 (5th Cir. 1981) (citing *Ballard v. Spradley*, 557 F.2d 476 (5th Cir. 1977)).  Factors the District Court should consider in weighing issuance of the requested writ include:

> whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.

*Ballard v. Spradley*, 557 F.2d 476, 480–81 (5th Cir. 1977).

Here, the Court should find that all of the *Ballard* factors favor issuance of the requested writ.  First, deposing Plaintiff Troy Stills will substantially further the resolution of Case No. 4:20-CV-01099-PLC, because as a party, and particularly as the plaintiff, Mr. Stills's testimony is necessary to understand the basis of his claims, and permit the Petitioners to develop and present an appropriate defense thereto.  This is especially true given that Mr. Stills responded to Defendants' written discovery requests *pro se* and his answers are either nonresponsive or wholly deficient.

Further, as in any case, the testimony of the plaintiff is critical in enabling the parties and the parties' attorneys to assess the credibility, and, therefore, the merits, of a potential claim, especially as it relates to non-pecuniary damages such as emotional distress and the impact of the events on Plaintiff's enjoyment of life.  The deposition of the Plaintiff is also necessary to understand his version of events before, during, and after his arrest by the Defendants in Case No. 4:20-CV-01099-PLC.  All of these objectives serve to further a resolution of the case by arming the parties and their counsel with the knowledge needed to assess Mr. Stills's claims. Accordingly, the Court should find that this factor favors issuance of the requested writ.

Next, undersigned counsel has confirmed that the prison has available the infrastructure and technology required for Mr. Stills to be deposed remotely.  But, the prison refuses to approve any such deposition absent a court order.  Petitioners are not requesting they be allowed in the prison, but instead seek to depose Mr. Stills remotely from within the prison.  Because Petitioners are requesting the Court compel the warden to produce the inmate witness within the secure facility in which he is currently incarcerated with remote videoconference technology at his disposal, the security risks are no higher than at any other time during his custody, and should either not be a factor at all, or favor issuance of the writ.

The next factor concerns the expense of the prisoner's transportation and safekeeping. There should be either no expense or *de minimis* expense involved in producing the prisoner at a suitable location within the prison in which he is already confined. Accordingly, this factor should be found to weigh in favor of issuance of the requested writ.

The last *Ballard* factor to be considered is whether Case No. 4:20-CV-01099-PLC could be stayed until Stills is released from prison without prejudice to the cause asserted. This case has been pending for more than two years, and the Court in Case No. 4:20-CV-01099-PLC is resistant to any further delays in its resolution. In fact, the Court in Case No. 4:20-CV-01099-PLC is aware of this request for a writ, and should this Court wish to contact the Court in Case No. 4:20-CV-01099-PLC, Judge Cohen has indicated her willingness to discuss this matter with this Court to address any concerns this Court might have regarding this request.

Finally, because the Court is to consider the need for the prisoner's testimony with regard to the difficulties attendant to securing it, a brief recitation of the difficulties Petitioners have encountered thus far in attempting to depose Mr. Stills might be helpful to the Court.

Petitioners previously attempted to depose Mr. Stills at the H. H. Coffield Unit Prison, where he was incarcerated until March 2023. Although the Coffield Unit Prison has a procedure in place for deposing inmates, Petitioners were unable to identify any court reporter in the State of Texas willing to enter that prison due to safety concerns relating to COVID-19 and the inherent danger due to the large number of inmates housed therein.

Petitioners next attempted to depose Mr. Stills via teleconference to allow the court reporter to appear remotely, but the H. H. Coffield Unit Prison was unable to, or otherwise refused to, accommodate that request. Petitioners then reluctantly attempted to schedule a telephone deposition at the suggestion of prison officials, but the H. H. Coffield Unit Prison also

failed to approve this request. After conferring with all counsel involved, as well as with the Court, the parties and the Court in Case No. 4:20-CV-01099-PLC agreed that a request for a writ to compel Mr. Stills's attendance at a remote deposition was likely the only remaining option for obtaining Mr. Stills's deposition testimony.

Then, in March 2023, just as undersigned counsel was preparing to file a writ in the Eastern District of Texas, Tyler Division, Mr. Stills was relocated from the H.H. Coffield Unit Prison to the Bridgeport Correctional Center, a much smaller facility than the Coffield Unit Prison, and a minimum security facility. Petitioners resumed their efforts to depose Mr. Stills in light of the considerable change in circumstance, but after securing a court reporter to take the deposition, Petitioners were met with the same obstacles faced at the H. H. Coffield Unit Prison. Specifically, although the Bridgeport Correctional Center represented that they had the means to allow Mr. Stills to be deposed remotely via Zoom or similar technology, once Petitioners' request reached Access to Courts personnel, the same obstacles resurfaced as were encountered at the H. H. Coffield Unit Prion, and Petitioners were told the Bridgeport Correctional Center would not produce the inmate witness without a court order.

Because the Bridgeport Correctional Center and/or Access to Courts refuses to approve Mr. Stills's deposition absent a court order, justice would be best served by issuance of the requested writ.

WHEREFORE, Petitioners respectfully request the Court enter an order commanding Respondent Linda Thomas as Senior Warden of the Bridgeport Correctional Center to produce inmate Troy Alan Stills 02058824, for remote videoconference deposition at 9:00 a.m. CDT on Thursday, June 22, 2023, at a suitable location within the Bridgeport Correctional Center.

Dated: May 4, 2023

                                    Respectfully submitted,

                                    **ENSZ & JESTER, P.C.**

/s/ Thomas H. Osborn *pro hac vice*
CHRISTOPHER M. NAPOLITANO MO #66610
THOMAS H. OSBORN           MO #72953
1100 Main Street, Suite 2121
Kansas City, Missouri  64105
Telephone:  816-474-8010
Facsimile:   816-471-7910
E-mails:      cnapolitano@enszjester.com
               tosborn@enszjester.com
**ATTORNEYS FOR DEFENDANTS ROBERT SIMPSON AND RANDY BROOKS, IN THEIR INDIVIDUAL CAPACITIES**

By: /s/ Tory A. Cronin *pro hac vice sponsor*
Tory A. Cronin
State Bar No. 24055362

**FERGUSON BRASWELL FRASER KUBASTA PC**
2500 Dallas Parkway, Suite 600
Plano, Texas 75093
Telephone: 972.378.9111
Fax:            972.378.9115
Email:       tcronin@fbfk.law

6